**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

ALMA DE LA CRUZ,

      Plaintiff,

v.                                         CASE NO. 1:13-cv-00212-MP-GRJ

CAROLYN W COLVIN,

      Defendant.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated October 31, 2014. (Doc. 16).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Plaintiff has filed objections at Doc. 17, to which defendant responded at Doc. 18.  I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. Plaintiff filed an application for supplemental security income on April 23, 2008, alleging disability due to diabetes, asthma, and cholesterol.  The ALJ issued a decision on August 20, 2012 finding that Plaintiff was not disabled within the meaning of the Act because she could perform her past relevant work, which was as a companion with a nursing service.  As a companion, her duties consisted of visiting an elderly man, cleaning him, cooking for him, washing clothes, mopping, and sweeping. She said that while performing this job she spent about six hours sitting and four

hours standing.

Plaintiff is active on a daily basis, including acting as primary caretaker for a three year old boy, cooking, washing clothes, watching television, going grocery shopping with her husband, occasionally visiting family out of state, attending church, and visiting with church friends 2-3 times per month. Notably, the ALJ determined that the level of concentration needed for these activities was at least consistent with the ability to complete routine and repetitive work, sufficient to perform her past work as a companion.

Plaintiff's memorandum and objections raise two issues: (1) whether the ALJ properly considered the plaintiff's moderate difficulties in social functioning when determining whether she could perform her past employment; and (2) whether the ALJ's Credibility finding is meaningless boilerplate.

With regard to the issue of social functioning, the consultative psychologist opined:

> Her liabilities include anxiety and a history of physical limitations. Prognosis is guarded. Ms. De La Cruz is not able to work due to her anxiety and frequent asthma attacks. She will have difficulty producing quality work consistently because of anxiety and attentional problems. She will have difficulty remembering directions and learning new tasks because of memory deficits. She is not likely to have problems with supervisors or coworkers. She will have difficulty working with the public because of anxiety.

Doc. 17, ¶ 9.  Based on this statement, the ALJ opined:

> In social functioning, the claimant has moderate difficulties. Although the claimant testified that she experiences some anxiety around people, she testified that she is able to attend church and visit with friends from her church two or three times a month. The consultative examiner, Carmen Tozzo-Julian, Ph.D., opined that the claimant had moderate limitations in responding appropriately to usual work situations and changes in a routine work setting (Exhibit 9F). Giving the claimant the benefit, considering the overall evidence, the undersigned finds that the claimant has moderate difficulties in this area.

Doc. 12, attach. 2, pp. 29-32.  Thus, the ALJ was aware of, and expressly considered plaintiff's

social functioning when determining that she could return to her past relevant work.  Thus, substantial evidence supported his finding of no disability.

Also, although on the second-to-last paragraph of page 29, <u>id.</u>, the ALJ included the boilerplate credibility language disfavored by this court, the ALJ then followed that up with specifics about her activities of daily living, the medical evidence that was inconsistent with her complaints, and her lack of follow-up on recommendations made by her treating doctors.  Thus, his credibility determination was not mere boilerplate.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner, denying benefits, is AFFIRMED.

**DONE AND ORDERED** this   *12th* day of January, 2015


  *s/Maurice M. Paul*
  Maurice M. Paul, Senior District Judge